UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DIANE CHERYL SPREADBURY | ) | Case No. 08-14288-SSM |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| MICHELLE E. SPREADBURY, *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 09-1254 |
| | ) | |
| DIANE CHERYL SPREADBURY, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO AMEND FINDINGS**

Before the court is the motion of defendant Peter Spreadbury to amend the findings of fact and the judgment in this action. Specifically, Mr. Spreadbury argues that the court erred in fixing a value for Wesbury Farm, as of July 1998, when construction of the manor house began, of $2,256,000 rather than $1,750,000. A hearing was held on July 19, 2010, at which the court heard the contentions of the parties. For the reasons stated, the motion will be denied.

This is an action by four adult children of the debtor, Diane Cheryl Spreadbury, and her former husband, Peter Spreadbury, seeking relief for an alleged breach of fiduciary duty with respect to a trust that was created in connection with the purchase of a 100-acre parcel of land located in Fauquier County, Virginia, known as Westbury Farm. The court found that the debtor and Mr. Spreadbury breached their fiduciary duty to the children by selling the beneficial interest

1

in the property for less than fair and adequate consideration, and the court imposed a constructive trust against the property in the amount of $2,256,000, which was the amount the court determined the value of the property to have been in July 1998, when the intended purpose of the property shifted from being an investment to being the debtor's and Mr. Spreadbury's primary home and when construction began on a manor house.

The property had been purchased in September 1990 for $1,430,000, and there was no objective evidence before the court of its value eight years later.  As Mr. Spreadbury's counsel correctly notes, there was a passing reference in one of the plaintiff's exhibits to a years-after-the-fact appraisal that valued the property at $1.4 million dollars at the time of transfer, but the appraisal itself was not in evidence, and no party referred to it at trial.  The only other direct indication of value was Mr. Spreadbury's unsupported testimony that he thought the property was worth that amount when he had his attorney draft the ground lease and purchase option the following year.  Read literally, however, the purchase option would have required payment of $1,750,000 net of the amount needed to pay off the existing deed of trust against the property, which the court determined had a balance at that time of approximately $506,000.  This implied a gross value for the parcel of $2,256,000, which was the amount fixed by the court.  The court notes that this represents an annual appreciation of approximately 7.2%, while the $1,750,000 figure would have represented an annual appreciation of approximately 2.8%.  Neither figure is inherently implausible, and although Mr. Spreadbury testified that there had been a downturn in land values during a portion of the period since the property had been purchased, the court had no objective evidence quantifying the changes in land values for the Middleburg, Virginia, area during the relevant time frame.

Counsel for the plaintiffs argues with great learning and at considerable length that the court's construction of the ground lease was correct and that settled principles of contract law prevent Mr. Spreadbury from contradicting or varying it with parole evidence.  Of course, the latter would unquestionably be true if this action had been brought to enforce the purchase option.  But in the present litigation, the court treated the ground lease as an evidentiary admission, not as a contract to be enforced.  Unlike judicial admissions, evidentiary admissions are not binding, and a party against whom it is offered may explain what he or she actually intended or understood when the admission was made.  At the same time, the court, in assessing the weight to be given to testimony contradicting or explaining away prior admissions, may properly take into account the party's obvious interest in the outcome of the litigation.

The issue is obviously not free from doubt.  Nevertheless, having carefully considered the arguments of the parties, and having reviewed the testimony and exhibits, the court continues to believe that the best indicator of value for Westbury Farm at the time the beneficial interest was sold is the value derived from a plain reading of the purchase option.  For that reason, it is

**ORDERED:**

1.  The motion to amend the findings of fact is denied.

2.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                                                Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge

Copies to:

Karen M. Kennedy, Esquire
Karen M. Kennedy & Associates, PLC
P.O. Box 2215
Middleburg, VA 20118
Counsel for the plaintiffs

J. Carlton Howard, Jr., Esquire
Ritzert & Leyton P.C.
11350 Random Hills Rd. Suite 400
Fairfax, VA 22030
Counsel for defendant Peter Spreadbury

Kenneth Michael Misken, Esquire
McGuireWoods LLP
1750 Tysons Blvd.
McLean, VA 22102
Counsel for defendant Diane Cheryl Spreadbury
and special counsel for John F. McGinley, Jr., chapter 11 trustee

John F. McGinley, Jr., Esquire
McGinley, Elsberg & Hutcheson, P.L.C.
627 South Washington Street
Alexandria, VA 22314
Chapter 11 trustee